## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RICHARD MAHOGANY JR.**                  **CIVIL ACTION**

**VERSUS**                             **NO.  07-1443**

**RICHARD STALDER,**              **SECTION "N"(2)**
**JEFFERY TRAVIS**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Richard Mahogany Jr., is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  Mahogany was indicted on January 6, 1994, in Orleans Parish for the aggravated rape of the 13-year-old daughter of his girlfriend.[3]

Mahogany waived trial by jury and opted to represent himself at trial, held before the state trial judge on March 8, 1995.[4]  He was found guilty as charged.  The state trial court sentenced him to a mandatory life sentence on March 20, 1995.[5]  The conviction was reversed on direct appeal by the Louisiana Fourth Circuit, finding that he must be retried with assistance of counsel.[6]

On remand, Mahogany entered a plea of guilty to an amended charge of forcible rape on November 8, 1999.[7]  Pursuant to a plea agreement, the state trial court sentenced Mahogany to 25 years in prison without benefit of probation, parole or suspension of

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 6, Indictment, 1/6/94.

[4]St. Rec. Vol. 1 of 6, Trial Minutes (2 pages), 3/8/95; St. Rec. Vol. 2 of 6, Trial Transcript, 3/8/95.

[5]St. Rec. Vol. 1 of 6, Sentencing Minutes, 3/20/95; St. Rec. Vol. 2 of 6, Sentencing Transcript, 3/20/95.

[6]St. Rec. Vol. 2 of 6, 4th Cir. Opinion, 96-KA-1137, 4/30/97.

[7]St. Rec. Vol. 1 of 6, Plea Minutes, 11/8/99; Plea of Guilty, 11/8/99.

sentence, and the State agreed not to file a multiple offender bill.[8]  Mahogany's

conviction became final five days later, on November 16, 1999, because he did not file

a notice of appeal or seek reconsideration of his sentence.  See Cousin v. Lensing, 310

F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the

five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[9]); La. Code

Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than

seven days).[10]

More than 20 months later, on July 19, 2001, Mahogany filed an administrative

grievance complaint with officials at the Allen Correctional Center, where he was housed

at the time, alleging that his good-time eligibility and release date had been

miscalculated.[11]  He claimed that the Louisiana Department of Corrections ("DOC") had

failed to give him full credit for time served when calculating his sentence.  After two

---

[8]Id.

[9]At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. State v. Counterman, 475 So.2d 336, 338 (La. 1985). Article 914 was amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal. Because this statutory amendment occurred well after petitioner's sentencing, it is inapplicable to this case.

[10]Thursday, November 11, 1999, was Veterans' Day, an observed legal holiday.  La. Rev. Stat. Ann. § 1:55(A)(1).

[11]St. Rec. Suppl. Vol. 1 of 1, ARP #ALC-2001-1122, 7/19/01.

unsuccessful opinions from prison officials, Mahogany received relief in the form of DOC review.[12]

On October 18, 2001, a DOC appeal officer resolved that Mahogany was entitled to credit for time served between September 29, 1999 and his sentencing on November 8, 1999.[13] The administrative response reflects that at least some of the time for which Mahogany sought credit was time either served in connection with his parole revocation in Case No. 326-242 or when he was not actually incarcerated. He was advised that he was not eligible to receive credit for time served on a different judgment of conviction or when he was not actually in custody. He was also warned that he was subject to reduced good-time credits for any disciplinary sentence requiring a loss of good time which may be imposed while in a DOC facility. Mahogany did not seek further review of this administrative remedy grievance proceeding.

More than four years later, on February 15, 2006, Mahogany filed a writ application with the Louisiana Fourth Circuit in which he alleged that his plea was not knowing, intelligent or voluntary because his sentence was not the same as that agreed

---

[12]Id., Attached First Step Response, 8/2/01, Second Step Response, 8/10/01.

[13]Id., Attached Third Step Response, 11/18/01.

4

to in the plea agreement.[14]  Mahogany argued that his plea agreement included credit for time served which had not been fully credited to him by the DOC.  He conceded that he had received partial relief through the administrative grievance process in 2001.  He argued, however, that he was entitled to more credit.  He claimed that, because he was not given full credit for time served, his plea agreement was violated rendering his plea unconstitutional and his sentence illegal.

On March 9, 2006, the Louisiana Fourth Circuit denied the writ application.[15]  The court held that Mahogany was not entitled to free copies of his plea transcript to search for errors.  The court also held that the alleged computation errors must be brought to the Nineteenth Judicial District.  In addition, the court resolved that his sentence was legal.

Mahogany submitted a writ application to the Louisiana Supreme Court on March 17, 2006, which was filed May 30, 2006, raising the same arguments.[16]  The court denied the application without reasons on January 26, 2007.[17]

---

[14]St. Rec. Vol. 4 of 6, 4th Cir. Writ Application, 2006-K-0151, 2/14/06 (see file stamp on page two) (signed February 3, 2006).

[15]St. Rec. Vol. 4 of 6, 4th Cir. Order, 2006-K-1051, 3/9/06.

[16]St. Rec. Vol. 6 of 6, La. S. Ct. Writ Application, 06-KH-1277, 5/30/06 (postmarked 3/17/06, signed 3/14/06).

[17]St. Rec. Vol. 6 of 6, La. S. Ct. Order, 2006-KH-1277, 1/26/07.

II.    FEDERAL HABEAS PETITION

On March 30, 2007, Mahogany filed a petition for federal habeas corpus relief in which he alleges that his plea was not knowing, intelligent or voluntary and his sentence is illegal because he has not received full credit for time served in accordance with the terms of his plea agreement.[18]  He also alleged that the Louisiana Fourth Circuit erred in finding that it was the wrong venue for, and without jurisdiction to consider, his post-conviction application.

The State filed a response in opposition to the petition alleging that Mahogany's petition is untimely and that he has failed to exhaust state court remedies.[19]

Mahogany filed a reply to the State's opposition in which he argues that the State failed to prove that his petition was untimely or that he has failed to exhaust state court remedies.[20]

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[18]Rec. Doc. No. 1.

[19]Rec. Doc. No. 11, 16.

[20]Rec. Doc. No. 15.

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[21] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Mahogany's petition, which, for reasons discussed below, is deemed filed in a federal court on February 22, 2007.[22]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  In this case, the State alleges that Mahogany's petition is not timely filed and that he has failed to exhaust state court remedies.

---

[21]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[22]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Mahogany's petition was filed in by the clerk of court on March 30, 2007.  Mahogany dated his signature on the initial handwritten petition on February 22, 2007.  This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

IV.   <u>EXHAUSTION OF STATE COURT REMEDIES</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982)); <u>accord</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Nobles</u>, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims." <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78). "This requirement is not satisfied if the

8

petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application."
(emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420).  It is not enough for a petitioner
to have raised the claims in the lower state courts if the claims were not specifically
presented to the Louisiana Supreme Court.  <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a
prisoner does not fairly present a claim to a state court if that court must read beyond a
petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Mahogany must have fairly
presented the same claims and legal theories he urges in this federal court to the
Louisiana Supreme Court in a procedurally proper manner.

A.   <u>STATE COURT POST-CONVICTION REVIEW</u>

The record reflects that Mahogany has not allowed the state courts one <u>complete</u>
round of review of his claims.  Mahogany did not seek post-conviction review in the state
trial court before pursuing post-conviction relief in the Louisiana Fourth Circuit and the
Louisiana Supreme Court.  Louisiana law requires that an application for post-conviction
relief be first filed in the district court.  La. Code Crim. P. art. 925.  The petitioner may
then seek supervisory review in the appellate court.  La. Code Crim. P. art. 930.6.

Mahogany did not follow these procedural channels before seeking appellate
review of his post conviction challenge to his plea and the calculation of his sentence.

As suggested by the State, this failure to complete each step of the review process renders his claims unexhausted.

In addition, when addressing his writ application, the Louisiana Fourth Circuit denied the application in part on procedural grounds finding that Mahogany's claims challenging the calculation of his sentence had to be brought in a different venue.[23]  The court also found that his sentence was legal.  The Louisiana Supreme Court later denied his subsequent application without reasons thereby presumably relying on the grounds for dismissal cited by the Louisiana Fourth Circuit.  Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991).

As will be discussed herein, Mahogany has not availed himself of the administrative review process referenced by the state courts.

B.      STATE COURT REVIEW OF THE ADMINISTRATIVE RULING

Mahogany denies in his reply memorandum that he is only challenging the calculation of his sentence, as suggested by the State.  Instead, he suggests that his real challenge here is to the breach of the plea agreement, which rendered his plea unconstitutional.

---

[23]St. Rec. Vol. 4 of 6, 4th Cir. Order, 2006-K-1051, 3/9/06.

Contrary to this argument, the petition clearly alleges that the alleged breach occurred when the DOC failed properly to calculate his sentence with credit for time served. These allegations would not be cognizable on post-conviction review under Louisiana law and would have to be administratively addressed, as alluded to by the Louisiana Fourth Circuit.[24] Thus, the court also must consider the exhaustion of Louisiana's administrative remedy procedure.

I find from a review of the record that Mahogany has failed to exhaust administrative review of his claims that his sentence was improperly calculated under the Corrections Administrative Remedy Procedure, La. Rev. Stat. Ann. § 15:1171 et seq., and the subsequent supervisory review of that procedure by the state courts.[25]

Mahogany was required first to present his claim through the Louisiana Department of Corrections's administrative grievance process. La. Rev. Stat. Ann. § 15:1176. As outlined above, Mahogany did so through ARP #ALC-2001-1122.[26] Thereafter, as instructed by the Louisiana Fourth Circuit in its 2006 order, Mahogany was to seek judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge as part of the required review process pursuant to La. Rev. Stat. Ann. §

---

[24]La. Code Crim. P. art. 930.3.

[25]Madison v. Ward, 825 So.2d 1245 (La. App. 1st Cir. 2002).

[26]St. Rec. Suppl. Vol. 1 of 1, ARP #ALC-2001-1122, 7/19/01.

15:1177 and §15:571.15.[27]  See State ex rel. Bartie v. State, 501 So.2d 260 (La. App. 1st Cir.  1986).

Mahogany did not seek this judicial review, even though he was instructed to do so by the state appellate court.  He also was apparently well aware of this requirement before that time, as demonstrated by his filings in the Nineteenth Judicial District and the Louisiana First Circuit Court of Appeal on appeal from his unrelated and unsuccessful administrative grievances at Allen Correctional Center.[28]  Mahogany, nonetheless, ignored the instructions of the Louisiana court and failed to exhaust this regulatory scheme through the state court system.

Although Mahogany has failed to exhaust his state court remedies, it is not necessary that the petition be dismissed without prejudice on that ground.  Because Mahogany's federal habeas petition is untimely in the extreme, I recommend that this petition be dismissed with prejudice as time-barred.

---

[27]La. Rev. Stat. Ann. § 15:571.15 further designates venue with respect to a contest to computation of sentence.

[28]St. Rec. Vol. 5 of 6, Petition for Judicial Review, 528897, 2/2/05 (inadequate ARP system at Dixon Correctional Institute); Petition for Judicial Review, 542779, 4/27/06 (review of disciplinary proceeding); Verification Letter, 1st Cir. Court of Appeal, 6/15/07.  A review of the administrative grievance complaints provided by the State reflects that ARP #ALC-2001-1122 was the only one related to the sentence computation.  See St. Rec. Suppl Vol. 1 of 1, ARP #ALC-2001-1182, 7/27/01 (conditions of confinement); ARP #ALC-2002-031, 12/18/01 (access to law library); ARP #ALC-2002-090, 1/3/02 (access to law library); ARP #ALC-2002-389, 4/2/02 (access to law library); ARP #ALC-2002-504, 5/4/02 (conditions of confinement); ARP #ALC-2002-1325, 11/2/02 (conditions of confinement).

## V.    STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition within one year of the date his conviction became final or from the discovery of the factual predicate for his claim, whichever is later.[29]   Duncan v. Walker, 533 U.S. 167, 179-80 (2001). Mahogany's conviction became final on November 16, 1999.  However, the record reflects that Mahogany may first have become aware of the alleged sentence computation error, which forms the basis of his federal habeas claims, on July 19, 2001.[30]  Providing

---

[29]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

        A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

        C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

        D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

[30]See St. Rec. Suppl. Vol. 1 of 1, ARP #ALC-2002-1122, 7/19/01.

Mahogany every benefit of the doubt, I will consider this later date the applicable date for calculating the timeliness of his petition.

Therefore, under a literal application of the statute, Mahogany had until July 19, 2002, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

A.    EQUITABLE TOLLING

First, the United States Supreme Court has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 125 S. Ct. at 1814-15; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

14

Mahogany has not asserted any reason that might constitute rare or exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions.  See United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

B.    STATUTORY TOLLING

In addition to equitable tolling, however, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with

15

respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does <u>not</u> create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.  <u>Flanagan</u>, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); <u>Gray v. Waters</u>, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  <u>Pace</u>, 125 S.

Ct. at 1812 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)");  Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).  The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings.  Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being

17

challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. <u>Godfrey v. Dretke</u>, 396 F.3d 681, 686-88 (5th Cir. 2005).

As stated above, July 19, 2001, is the latest possible commencement date for Mahogany's one-year filing period. On that same day, Mahogany filed an administrative grievance, which sought collateral review of the calculation of his sentence with credit for time served. As discussed above, Louisiana law required his use of the administrative process to make his collateral challenge to the computation.

Mahogany pursued his claim through three steps to a DOC appeal and on October 18, 2001, he obtained additional credit for time deducted from his sentence. Mahogany had 30 days, or until November 19, 2001,[31] to file a petition for review in the Nineteenth Judicial District Court. La. Rev. Stat. Ann. § 15:1177(A)(1)(a). Mahogany did not further pursue his claim in the Nineteenth Judicial District Court. The AEDPA filing period was therefore tolled from July 19, 2001 through November 19, 2001, when the time for seeking further review expired.

The AEDPA statute of limitations period began to run on November 19, 2001, and did so without interruption until November 19, 2002, when it expired. Mahogany had

---

[31]The thirtieth day fell on Saturday, November 17, 2001. I have given Mahogany the benefit of the following business day.

no other properly filed state post-conviction or other collateral review challenging his

sentence computation or the plea itself during that time period.  In fact, Mahogany did

not seek other review of his claims until the writ application filed with the Louisiana

Fourth Circuit on February 15, 2006, more than four years later.  This later writ

application has no effect on the timeliness calculation.  <u>Scott v. Johnson</u>, 227 F.3d 260,

263 (5th Cir. 2000).

Mahogany's federal petition is presumed filed on February 22, 2007, more than

four years after expiration of the AEDPA statute of limitations period, commencing from

discovery of the factual predicate for his claim.  The petition must be dismissed as time-

barred.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the petition of Richard Mahogany Jr. for

issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and

**DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within ten (10)

days after being served with a copy shall bar that party, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _____6th_____ day of September, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE